```
1  Richard R. Barker
2  Acting United States Attorney
   Eastern District of Washington
3  Laurel J. Holland
4  Assistant United States Attorney
   P.O. Box 21
5  Richland, WA, 99352
6  Telephone: (509) 353-2767
```

FILED IN THE U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

FEB 19 2025

SEAN F. McAVOY, CLERK
SPOKANE, WASHINGTON

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>RAYMOND S. SULAK,<br><br>　　　　　　　　Defendant. | 2:25-CR-20-TOR<br><br>INDICTMENT<br><br>Vio: 18 U.S.C. § 2422(b)<br>　Attempted Online Enticement of a Minor<br>　(Count 1)<br><br>18 U.S.C. § 2252A(a)(5)(B), (b)(2)<br>　Possession of Child Pornography<br>　(Count 2)<br><br>18 U.S.C. § 2253,<br>18 U.S.C. § 2428<br>　Forfeiture Allegations |

The Grand Jury charges:

COUNT 1

Between on or about July 25, 2024, and on or about July 27, 2024, in the Eastern District of Washington and elsewhere, the Defendant, RAYMOND S. SULAK, did knowingly use a facility and means of interstate and foreign commerce to attempt to persuade, induce, entice, and coerce an individual who

INDICTMENT – 1

had not attained the age of 18 years, to engage in any sexual activity for which a person can be charged with a criminal offense, including, WASH. REV. CODE § 9A.44.073, Rape of a Child in the First Degree, and WASH. REV. CODE § 9A.44.076, Rape of a Child in the Second Degree, all in violation of 18 U.S.C. § 2422(b).

## COUNT 2

On or about July 27, 2024, in the Eastern District of Washington, the Defendant, RAYMOND S. SULAK, did knowingly possess material that contained one or more visual depictions of child pornography, as defined in 18 U.S.C. § 2256(8)(A), including images of prepubescent minors and minors who had not attained twelve years of age, the production of which involved the use of a minor engaging in sexually explicit conduct, and which visual depictions were of such conduct; which had been mailed, shipped and transported in, or affecting, or using any means or facility of, interstate and foreign commerce by any means, including by computer, and which were produced using materials that had been mailed, shipped and transported in or affecting interstate or foreign commerce, by any means including computer, all in violation of 18 U.S.C. § 2252A(a)(5)(B), (b)(2).

INDICTMENT – 2

NOTICE OF CRIMINAL FORFEITURE ALLEGATIONS

The allegations contained in this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures.

Pursuant to 18 U.S.C. § 2428, upon conviction of an offense in violation of 18 U.S.C. § 2422, the Defendant, RAYMOND S. SULAK, shall forfeit to the United States of America, any property, real or personal, that was used or intended to be used to commit or to facilitate the commission of the offense and any property, real or personal, constituting or derived from any proceeds obtained, directly or indirectly, as a result of the offense.

Pursuant to 18 U.S.C. § 2253, upon conviction of an offense in violation of 18 U.S.C. § 2252A, as alleged in this Indictment, the Defendant, RAYMOND S. SULAK, shall forfeit to the United States of America any visual depiction described in section 2251, 2251A, 2252, 2252A, 2252B, or 2260 of this chapter, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of this chapter; any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offenses; and, any property, real or personal, used or intended to be used to commit or to promote the commission of such

INDICTMENT – 3

offenses, or any property traceable to such property, the property to be forfeited includes, but is not limited to:

- iPhone (IMEI 351698471310413, SN G77WJP74G6)
- iPad (IMEI 35 955254 925854 6, SN HFG464TG69)

If any of the property described above, as a result of any act or omission of the Defendant:

a.  cannot be located upon the exercise of due diligence;
b.  has been transferred or sold to, or deposited with, a third party;
c.  has been placed beyond the jurisdiction of the court;
d.  has been substantially diminished in value; or
e.  has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 2253(b) or 28 U.S.C. § 2461(c)

DATED this 19 day of February, 2025.

A TRUE BILL

_Richard R. Barker_
Richard R. Barker
Acting United States Attorney

_Laurel J. Holland_
Laurel J. Holland
Assistant United States Attorney

INDICTMENT – 4