FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 14, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>RAYMOND S SULAK,<br><br>    Defendant. | No. 2:25-CR-00020-TOR-1<br><br>ORDER FOLLOWING INITIAL APPEARANCE AND ARRAIGNMENT AND GRANTING THE UNITED STATES' MOTION FOR DETENTION<br><br>**ECF No. 13** |

On Friday, March 14, 2025, Defendant made an initial appearance and was arraigned based on the Indictment (ECF No. 1). Defendant was represented by Assistant Federal Defender Craig Webster. Assistant United States Attorney Laurel Holland represented the United States. With Defendant's consent, the undersigned and the United States appeared by video from Spokane, Washington.

Defendant was advised of and acknowledged Defendant's rights.

The Court entered pleas of not guilty on Defendant's behalf.

The Office of the Federal Defenders was appointed to represent Defendant.

ORDER - 1

The United States filed a Motion for Detention (ECF No. 13). However, detention was previously addressed and granted in the Western District of Washington. ECF No. 9.

Accordingly, **IT IS ORDERED:**

1. The Court directs the parties to review the Local Criminal Rules governing discovery and other issues in this case. http://www.waed.uscourts.gov/court-info/local-rules-and-orders/general-orders.

2. Pursuant to Fed. R. Crim. P. 5(f) and LCrR 16(a)(6), at arraignment or within 14 days thereafter, the Government is required to disclose evidence favorable to the defendant and material to the defendant's guilt or punishment to which defendant is entitled pursuant to *Brady v. Maryland,* 373 U.S. 83 (1963) and its progeny. This is a continuing duty for newly discovered evidence. LCrR 16(c). Pursuant to Fed. R. Crim. P. 16(d)(2), failure to comply may result in an order permitting the discovery or inspection; granting a continuance; or any other order that is just under the circumstances (including sanctions, dismissal, exclusion of evidence or witnesses).

3. Defendant shall submit a revised CJA-23 Financial Affidavit if Defendant receives cash or any other asset with a value of $15,000 or greater (including, but not limited to, an inheritance, a court settlement, lotto or gambling winnings, a dividend, an award, and/or a royalty or interest in property) while

ORDER - 2

Defendant is represented by a Court appointed attorney during the pendency of this case. Defendant shall submit a revised CJA-23 Financial Affidavit within five (5) business days of physical receipt or knowledge of the existence of any such asset.

4. The United States' Motion for Detention (**ECF No. 13**) is **GRANTED.**

5. Defendant shall be held in detention pending disposition of this case or until further order of the Court. Defendant is committed to the custody of the Attorney General for confinement separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded reasonable opportunity for private consultation with counsel. On order of a court of the United States or on request of an attorney for the United States, the person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to the United States Marshals Service for the purpose of an appearance in connection with a court proceeding.

6. Any motion to reopen the issue of detention pursuant to 18 U.S.C. § 3142(f) shall be a maximum of four-pages in length and shall succinctly state what circumstances are new, how they are established, and the requested change in conditions of release. The motion shall indicate whether opposing counsel; United States Probation/Pretrial Services; or another party with a substantial interest in the motion objects, whether a hearing is desired, and whether a supplemental pretrial

ORDER - 3

services report is requested. If the moving party, after the exercise of due diligence, is unable to determine the position of any party listed above, the moving party may in the alternative document the date; time; and manner of each effort made to determine that party's position and request the Court treat the motion as expedited and submitted without argument. For any motion that includes a plan for substance abuse treatment, Defendant shall attach completed waivers of confidentiality permitting the United States Probation/Pretrial Services Office and the treatment provider to exchange without qualification, in any form and at any time, any and all information or records related to Defendant's conditions of release and supervision, and evaluation, treatment, and performance in the program. **Motions in Yakima and Spokane cases shall be heard on the following Wednesday docket**, **and Richland cases shall be heard on the following Thursday docket.** If the Court determines that oral argument is unnecessary on the motion, it shall be set for decision on the Court's 6:30 docket.

      7.    The United States Probation/Pretrial Services Office is authorized to prepare a supplemental pretrial services report and shall notify defense counsel prior to interviewing Defendant. If Defendant does not wish to be interviewed, that Office is authorized to prepare said report using any information it deems relevant to the issue of detention.

ORDER - 4

8. Defendant is bound over to Judge Thomas O. Rice for further proceedings.

**IT IS SO ORDERED**.

DATED March 14, 2025.



_____
ALEXANDER C. EKSTROM
UNITED STATES MAGISTRATE JUDGE

ORDER - 5